Whynona Schluter **EASTER** et al., Appellants,

v.

Maude Schluter **LEGG**, Appellee.

No. 438.

Court of Civil Appeals of Texas.

Tyler.

Oct. 23, 1969.

Paul New, Denver City, for appellants.

Wicks & Wicks, Lloyd A. Wicks, Jr., Ralls, for appellee.

SELLERS, Justice.

William R. Schluter and his wife, Maude Schluter, executed identical wills on February 12, 1963. At that time, they owned a home in Ralls, Texas, and some farm lands with considerable personal property, all of which was community property. The wills were drawn by a lady living in Ralls who was not an attorney. These wills contain the following provisions:

"(2) I her*e by* give, devise, and bequeath unto my wife Maude Schluter all my estate real and personal, she to be called executrix and this to be enjoyed and disposed of as she may see fit.

"* * *

"(6) If Maude Schluter should marry again after my death, I require of her to make a settlement with each child as follows:

"Whynona (Schluter) Easter

"Joyce (Schluter) Kube

"Dianne (Schluter) Payne

"I require her to buy the one half of the property or sell the property—this includes residence, and all other real estate —and make a settlement with each child's —share. Each child to share and share alike—of my one half of property."

On June 3, 1967, Mr. Schluter died and his will was duly probated and his wife qualified as executrix without bond. On February 25, 1968, Maude Schluter married Payton Lowell Legg, and immediately thereafter, the children of the deceased filed this suit against their mother, Mrs. Legg, to recover their father's interest in the estate left to her by their father in paragraph (2) of his will.

The trial was to the Court and the facts were all agreed to. At the conclusion of the hearing the court held that the children were entitled to their father's interest in the real estate but that they were not entitled to any part of the personal estate of their father and that title to the personal estate remained in the wife after her remarriage to Mr. Legg. From this judgment, the children have duly prosecuted this appeal.

The trial court based its judgment upon the use of the word "property" as used in the clause of the will directing how the property should be divided and holding that the last clause of the will: "Each child to share and share alike of my one half of property." should be construed to refer to real estate only, and not to personal property. With this conclusion, we cannot agree.

The will, in plain language, says:

"If Maude Schluter should marry again after my death, I require her to make a settlement with each child as follows:

"Whynona (Schluter) Easter

"Joyce (Schluter) Kube

"Dianne (Schluter) Payne

" * * *

"Each child to share and share alike— of my one half of property."

We are of the opinion that the foregoing provision of the will, when given its literal meaning, requires a settlement of the deceased's one-half of the community property which in paragraph (2) had been given to his wife to terminate on remarriage.

Under the authority hereinafter quoted, no gift over to his heirs, as was done in this case, was necessary in order to void title of Mrs. Legg in the deceased's one-half interest in the property.

The will, in paragraph (2), had just given to the wife all of his property of every kind and character in fee simple, and when he later said that on remarriage, he wanted his wife to make settlement with his children, it could only refer to that which he had just given to her under paragraph (2) of the will.

In the case of Foote v. Foote, Tex.Civ. App., 76 S.W.2d 194, the will there provided that on remarriage, the will would be null and void. There was no gift over and yet the wife's estate in the husband's property was canceled and his heirs received the property under the laws of descent and distribution just the same as if they had been named in the will as was done in the case here under consideration.

We quote from the above case, as follows (at page 198):

" 'The want of a devise over makes no difference, and the condition is just as effectual and fatal as if the will itself made a specific disposition of the estate upon the happening of the condition.'

 *     *     *     *     *     *

"Under the cardinal rule for construction of wills, that the testator's intention must be gathered from the instrument as a whole, it is clear that the addition of the words, 'This will to become null and void in case she should remarry,' following a devise in fee to the testator's wife, was intended to stipulate a condition upon the happening of which the estate devised should terminate. The quoted words immediately followed the devise and were a part of the same section or article. The words 'this will' referred to the gift, devise, or bequest just made; they were of the same effect as would have been 'this bequest or devise.' The form of expression is not invalid as being repugnant

to the will. Upon the happening of the condition named, the will would not be defeated, but the estate devised would end and the property would pass under the statute of descent and distribution to the testator's heirs at law, as if the testator had specified them by name or class.

"The will having made a devise of the property to the testator's wife and having provided that the estate so devised should cease upon her subsequent marriage, she took an estate in fee, defeasible, however, in the event she should marry again, and, in that event, the title would ipso facto become vested in fee simple in the heirs at law of John D. Foote, deceased, living at the time of such subsequent marriage. * * *"

We think the above case controls the disposition of the one before this Court.

The judgment of the trial court is reversed and judgment is here rendered that appellants are entitled to receive whatever personal property remains of William R. Schluter's at the time of remarriage of Mrs. Schluter.

Reversed and rendered.